# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30317
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2016

Lyle W. Cayce
Clerk

MICHAEL HAMPTON,

Plaintiff-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY; UNKNOWN BENJAMAN, Assistant Warden, Angola State Prison; JAMES LEBLANC, Secretary of D.O.C.; MARY STRICKLAND; SHARON RANATZA,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-15

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Michael Hampton, Louisiana prisoner # 334976, filed a civil rights complaint in the district court complaining, among other things, of exposure to environmental tobacco smoke. The defendants moved to dismiss the complaint for failure to state a claim upon which relief may be granted. The magistrate judge concluded that the motion should be granted. After Hampton failed to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30317

file objections to the magistrate judge's report and recommendation in accordance with the district court's General Order 2012-01, the district court entered an order and judgment dismissing the complaint.  More than one year later, Hampton filed motions to stay the judgment and for leave to file objections to the report and recommendation.  The district court construed the motions as requesting relief under FED. R. CIV. P. 60(b), and it denied them as untimely.

Under FED. R. CIV. P. 60(b)(6), a court may relieve a party from a final judgment for "any . . . reason that justifies relief."  FED. R. CIV. P. 60(b)(6). Relief will be granted only in extraordinary circumstances.  *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).  Such a motion must be made "'within a reasonable time,' unless good cause can be shown for delay."  *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004) (quoting FED. R. CIV. P. 60(c)(1)).  Our review is for an abuse of discretion.  *Hess*, 281 F.3d at 215.

Hampton asserts that he was unable to comply with the electronic filing requirements because prison officials retaliated against him because of his litigiousness.  He complains that his objections to the magistrate judge's report and recommendation were properly filed by mail under the rules of civil procedure and that the district court's electronic filing requirements are not consistent with those rules.  The district court's failure to accept his document for filing, he contends, violated his rights to due process and equal protection. He complains also of the denial of his right to a jury trial.

The claim of retaliation has been raised for the first time on appeal and has not been considered.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).  None of Hampton's arguments go to the question whether the district court abused its discretion in determining that the Rule 60(b) motions were untimely.  *See Osborne*, 379 F.3d at 283; *Hess*, 281 F.3d at 215.

No. 15-30317

The district court's orders denying the Rule 60(b) motions are AFFIRMED. Hampton's motion for leave to file motion for en banc hearing out of time is DENIED AS UNNECESSARY.